Robert J. Allan, Esq. Village Attorney, Camillus
You have asked whether an inter-municipal agreement between a village and town under article 5-G of the General Municipal Law will permit the exercise of the power of eminent domain by the village with respect to property located outside the village in the town and whether such an agreement would permit a long-term contract between the village and town for the rendering of fire protection services over the life of the bonds.
You have explained that the village operates a village fire department and contracts with the town to provide fire protection services for an area of the town outside the village. In that the village's fire station is small and outdated, it desires to acquire a parcel of land outside the village for purposes of constructing a fire station to serve the village and the fire protection district in the town. You have informed us that the village has been unable to successfully negotiate for the purchase of this property and is considering eminent domain. You are aware, however, of the provision of the Constitution stating that the Legislature may authorize and regulate the exercise of the power of eminent domain by a local government outside its boundaries (NY Const, Art IX, § 1[e]).
We have reviewed the provisions of article 5-G of the General Municipal Law dealing with municipal cooperation agreements. While the law includes the extension of appropriate territorial jurisdiction necessary in order to undertake a joint service, we do not view this as meeting the constitutional requirement that the Legislature authorize extra-territorial condemnation (see General Municipal Law, § 119n[c]). We believe, in light of the constitutional language, that a more direct authorization is required. We do, however, have suggestions as to how you might proceed to accomplish this project.
You have indicated that the village anticipates bonding the costs of the construction of the firehouse. You may want to consider a joint project between the town and village under article 5-G of the General Municipal Law. These agreements are constitutionally authorized and permit two or more local governments to provide cooperatively, jointly or by contract any facility, service, activity or undertaking which each participating local government has the power to provide separately (NY Const, Art IX, § 1[c]). Each local government has the power to apportion its share of the cost of such service or facility as may be authorized by act of the Legislature (ibid.). Participants in such an agreement may contract joint or several indebtedness for the joint undertaking (id., Art VIII, § 1). These provisions of the Constitution have been implemented by the State Legislature (General Municipal Law, Art 5-G, §§ 119-m, etseq.; Local Finance Law, §§ 15.00, et seq.).
It is clear that article 5-G contemplates an agreement between the town and the village whereby the village would provide fire protection services to a portion of the town outside the village (General Municipal Law, § 119-o[1]). Further, such a contract may include provisions as to the method or formula for equitably allocating revenues and for allocating and financing the capital and operating costs (id., § 119-o[2][a]). We believe that the town can use its power of eminent domain to purchase the property in question. Under article 5-G an interest in the property could be conveyed to the village so that it is jointly owned by the town and village and the two municipalities could contract either joint indebtedness or several indebtedness to provide for the cost of developing the property (Local Finance Law, § 15.00[c]). Joint indebtedness involves the pledging of the joint faith and credit of the participating municipalities (id., § 15.00[b][6]). Several indebtedness means the pledging of the faith and credit of a single municipal participant in a joint service (id., § 15.00[b][7]). In ascertaining debt limitations of a municipality, joint indebtedness or several indebtedness for a joint service is excluded in accordance with section 123.00 of the Local Finance Law (id., § 15.20[c]).
The municipal cooperation law includes no restrictions on the term of a contract to provide a joint service. Thus, we believe that the participants may include a term providing for fire protection services by the village to the town over the useful life of the fire station.
We conclude that a village and town may contract under article 5-G of the General Municipal Law for the provision of fire protection services. The agreement may include terms allocating costs and revenue and may provide for the rendering of services over the useful life of the fire station.